**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DISTRICT**

Case No. 1:26-cv-24612

SHENZHEN HONGCHENG YOUPIN CO., LTD.,

    Plaintiff,

   v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A" HERETO,

    Defendants.

## COMPLAINT

Plaintiff Shenzhen Hongcheng Youpin Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, files this Complaint against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule "A" attached hereto (collectively, "Defendants"), and in support thereof alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a United States design patent arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and in particular 35 U.S.C. §§ 271 and 289.

2. Plaintiff is the owner of all right, title, and interest in and to U.S. Design Patent No. D1,023,208 S, titled "Floating Chair" (the '208 Patent). Defendants, without authorization or license, are manufacturing, importing, offering for sale, and selling inflatable pool float chair products that embody the ornamental design claimed in the '208 Patent through e-commerce stores

1

operating on the Amazon.com marketplace under the seller names and storefronts identified on Schedule "A."

3.       Defendants are individuals and/or business entities who, upon information and belief, reside in or operate from the People's Republic of China or other foreign jurisdictions. Defendants conceal their true identities and the full scope of their operations to evade enforcement and to continue their infringing activities. Plaintiff brings this action to halt Defendants' infringement of the '208 Patent and to recover the damages and equitable relief to which Plaintiff is entitled.

## THE PARTIES

4.       Plaintiff Shenzhen Hongcheng Youpin Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with a principal place of business in Shenzhen, China.

5.       Defendants are the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule "A" hereto. Each Defendant is an online merchant that, at all relevant times, owned and operated one or more commercial Internet stores (the "Seller Storefronts") on the Amazon.com marketplace under the seller names identified on Schedule "A." Each Defendant serves all United States buyers, including Florida residents, and actively markets products via Amazon Brand Registry along with other tools. If Florida sales cannot be proven, each Defendant purposefully directed their activities to this forum.

6.       Upon information and belief, Defendants reside in or operate from the People's Republic of China or other foreign jurisdictions, and conduct business throughout the United States, including within this Judicial District, through the Seller Storefronts and other operations that the Court may reasonably infer are interrelated.

7.      Plaintiff is presently unaware of the true names and physical addresses of Defendants. Defendants' identifying information, the Seller Storefronts, and the accused product listings are set forth on Schedule "A," which Plaintiff is contemporaneously moving to file under seal to prevent Defendants from dissipating assets and concealing or destroying evidence before the Court can rule on Plaintiff's request for emergency relief.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

9.      This Court has personal jurisdiction over each Defendant. Defendants, directly and through the Seller Storefronts, have purposefully directed their activities toward residents of the State of Florida and this Judicial District by operating fully interactive, commercial Internet stores through which consumers in Florida can and do purchase the accused products. Defendants offer to sell and sell the accused products to consumers in this District, accept payment in U.S. dollars, and ship or stand ready to ship the accused products into this District. The exercise of personal jurisdiction over Defendants comports with the Florida long-arm statute, Fla. Stat. § 48.193, and with due process.

10.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c)(3), and 1400(b). Upon information and belief, each Defendant is not a resident of the United States and therefore may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and is occurring in this District, where Defendants offer for sale and sell the accused infringing products.

3

**FACTUAL ALLEGATIONS**

**A.     Plaintiff and the '208 Patent**

11.     On April 16, 2024, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent No. D1,023,208 S, titled "Floating Chair," to named inventor Tierong Lang. A true and correct copy of the '208 Patent is attached hereto as Exhibit 1.

12.     Plaintiff is the owner by assignment of all right, title, and interest in and to the '208 Patent, including the right to sue for and recover all damages for past, present, and future infringement.

13.     the '208 Patent is valid and enforceable. It claims "[t]he ornamental design for a floating chair, as shown and described," as depicted in Figures 1 through 7 of the patent. The claimed design is novel, original, and ornamental, and is not dictated solely by function.

14.     Plaintiff and its authorized licensees market and sell inflatable pool float chair products embodying the design claimed in the '208 Patent. Plaintiff has expended substantial resources developing, marketing, and selling its patented product, which has achieved commercial success and consumer recognition.

**B.     Defendants' Infringing Conduct**

15.     Long after the issuance of the '208 Patent, and without Plaintiff's authorization or license, Defendants began manufacturing, importing, offering for sale, and selling inflatable pool float chair products (the "Accused Products") through the Seller Storefronts identified on Schedule "A."

16.     The Accused Products embody designs that are substantially the same as the ornamental design claimed in the '208 Patent. The resemblance between the Accused Products and the patented design is such as to deceive an ordinary observer, giving such attention as a

purchaser usually gives, inducing the observer to purchase an Accused Product supposing it to be the patented design. Representative images of the Accused Products, compared side-by-side with the figures of the '208 Patent, are set forth on Schedule "A" and/or in Exhibit 2 hereto.

17.     Upon information and belief, Defendants are knowingly and willfully infringing the '208 Patent. Defendants are sophisticated online sellers who target the same consumers and product categories as Plaintiff, copy Plaintiff's patented design, and conceal their identities and the location of their assets in order to evade enforcement.

18.     Defendants' infringing activities have caused and, unless enjoined, will continue to cause Plaintiff immediate and irreparable injury, including lost sales, price erosion, loss of goodwill, and loss of the exclusivity to which Plaintiff is entitled under the '208 Patent. Plaintiff has no adequate remedy at law.

## COUNT I

### Infringement of U.S. Design Patent No. D1,023,208 S (35 U.S.C. § 271)

19.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

20.     Plaintiff owns all right, title, and interest in and to the '208 Patent, including the right to enforce it and to recover for its infringement.

21.     In violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe the '208 Patent by making, using, importing, offering to sell, and/or selling within the United States the Accused Products, which embody the ornamental design claimed in the '208 Patent, without Plaintiff's authorization.

22.     Applying the ordinary observer test, the design of each Accused Product is substantially the same as the design claimed in the '208 Patent, such that an ordinary observer,

familiar with the prior art and giving such attention as a purchaser usually gives, would be deceived into believing that the Accused Product is the same as the patented design.

23.     Upon information and belief, Defendants' infringement of the '208 Patent has been and continues to be deliberate and willful, entitling Plaintiff to enhanced damages and to a finding that this is an exceptional case under 35 U.S.C. § 285.

24.     As a direct and proximate result of Defendants' infringement, Plaintiff has been and will continue to be damaged. Plaintiff is entitled to recover Defendants' total profits pursuant to 35 U.S.C. § 289 (in an amount not less than $250 per Defendant), and/or Plaintiff's damages adequate to compensate for the infringement but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interest and costs.

25.     Defendants' infringement has caused and, unless preliminarily and permanently enjoined by this Court pursuant to 35 U.S.C. § 283, will continue to cause Plaintiff immediate and irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief:

(a) That the Court enter judgment that Defendants have infringed U.S. Design Patent No. D1,023,208 S in violation of 35 U.S.C. § 271;

(b) That the Court enter temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 283 enjoining Defendants, and all those acting in concert with them, from making, using, importing, offering for sale, or selling the Accused Products and any other product that infringes the '208 Patent;

(c) That the Court order, pursuant to its equitable powers, the temporary and preliminary restraint of Defendants' assets and the financial accounts through which Defendants receive, hold, and transfer the proceeds of their infringing sales, in an amount sufficient to satisfy a final judgment;

(d) That the Court award Plaintiff Defendants' total profits pursuant to 35 U.S.C. § 289, which shall not be less than $250 per Defendant;

(e) That the Court award Plaintiff damages adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest, pursuant to 35 U.S.C. § 284;

(f) That the Court find Defendants' infringement to be willful and enhance the damages award up to three times pursuant to 35 U.S.C. § 284;

(g) That the Court declare this an exceptional case and award Plaintiff its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

(h) That the Court award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 29, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson, Esq.
Florida Bar No. 112863
cole@carlsoniplaw.com
412 E. Madison Street, Suite 821
Tampa, FL 33602

7

Telephone: (813) 445-5175

LEAD TRIAL COUNSEL

*Attorney for Plaintiff*
*Shenzhen Hongcheng Youpin Co., Ltd.*